JOSÉ, MANUEL and CATALINA OLIVER ARESTI, Plaintiffs and Appellees, *v.* FELICIANO SOTO and ANTONIA PÉREZ ZAMBRANA, Defendants and Appellants.

No. 8159. Argued February 4, 1941.—Decided February 17, 1941.

72

*E. Martínez Avilés,* for appellants.   *E. Pérez Casalduc,* for appellees.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

Plaintiffs, heirs of Mr. Andrés Oliver, filed an unlawful detainer action against Feliciano Soto in the District Court of Arecibo, alleging that the latter occupies at sufferance a farm of 15.37 cuerdas, which rightfully belongs to the plaintiffs since it was adjudicated to them in partial payment of their respectives shares of the estate. Antonia Pérez intervened in the suit, alleging that she is the owner of the farm because its previous owner, Mr. Andrés Oliver, had given it to her as a gift and that Soto lives in the farm because he is a relative of hers. Soto alleges that Oliver sold the farm to the intervener and that he had ordered that the deed be transferred to her, but that plaintiffs had refused to make said conveyance.

At the trial of the case, plaintiffs offered in evidence the deed of partition of the properties left by the deceased Andrés Oliver, from which deed it appears that the farm in controversy was adjudicated to the plaintiffs in partial payment of their respectives shares of the estate; and a copy of the order of the district court approving said partition was also presented by the plaintiffs. The defendant and the intervener produced testimony and two letters written by Oliver to Antonia Pérez.

. The present appeal has been taken by the defendant and the intervener because they are not in agreement with the judgment which ordered their ejectment from the farm and imposed the costs of the proceeding upon them, said costs not including attorney's fees. Appellants allege that the trial court erred when it admitted in evidence the deed of partition; when it accepted said deed as evidence against the intervener; when it acted moved by bias, prejudice and partiality, committing manifest error in the weighing of the evidence; and when it held that the intervener was estopped from attacking defendant's title.

██ The deed of partition offered by the plaintiffs constitutes a valid title, sufficient to give them right of possession over the property object of this unlawful detainer proceeding. All the heirs of Andrés Oliver, among them, Antonia Oliver Pérez, acknowledged natural daughter of the deceased, represented by her mother, Antonia Pérez Zambrana, the intervener in the instant case, were present at the execution of said deed and accepted and signed it. The farm in controversy was acquired by Andrés Oliver through purchase from the Federal Land Bank of Baltimore on April 7, 1931. By virtue of the deed of partition and with the knowledge and express consent of the intervener, the above mentioned farm was adjudicated to the three plaintiff heirs, in absolute dominion and in three undivided shares. The sum of $28,661.92 in cash was adjudicated to the heir Antonia Oliver

Pérez, daughter of the intervener appellant, in payment of her hereditary portion. On April 10, 1939, the District Court of Arecibo issued an order approving the partition and decreeing that said partition was a title which could be recorded in the registry of property; and provided for the protocolization of the original in the office of the Notary Efraín Ramírez, leaving in the record a literal copy signed by the interested parties.

The incident with respect to the admission of the deed of partition in evidence, occurred as follows:

Plaintiffs' attorney explained that because the copy recorded in the registry had been lost, he was offering in evidence the original deed signed by all the parties, which appears on the record of the judicial administration. Attorney for the defendants objected to the admission of said document "because the fact that a farm be described in a deed of partition does not mean that it belongs to that person to whom it was adjudicated." The deed was admitted in evidence and the defendants took an exception. When the deed was offered at the second hearing, the attorney for the defendants again objected to its admission, first, because the deed should have been offered at the first hearing, so that the defendants could have had an opportunity of examining it; second, because the best evidence would be a certified copy of the deed as it appear from the notary's files; and, third, because the deed does not show that the farm belonged to the deceased.

The deed of partition was admissible in evidence against the intervener. She was one of the parties who executed it and her signature appears at the foot of the original document approved by the district court and included in the record of the partition of the estate of Andrés Oliver. In the document, after describing the farm, the parties to the deed set forth that "this farm was acquired by Andrés Oliver Roses, deceased, through purchase from the Federal Land Bank of Baltimore, Puerto Rico Branch, by deed No. 20, executed

before the Notary José R. Aponte, on April 7, 1931. This title was not recorded in the registry of property in the name of the deceased, which requisite will be complied with, but it is recorded in the name of the above mentioned corporation at page 162, volume 133 of Arecibo, farm No. 5363, entry No. 6.'' After having made and signed such statements and after having accepted that the farm was adjudicated to the three plaintiff heirs, the intervener is estopped from attacking the title of said plaintiffs and from denying their right as owners to claim the possession of said property.

■ The charge that the lower court was moved by bias, prejudice and partiality while weighing the evidence is groundless. Oliver's two letters to the intervener, courting her, did not refer in the slightest to the alleged gift of the property in favor of the intervener. The testimony produced by the intervener tended to establish the fact that Oliver had had the intention of making a gift of the farm to his concubine. That evidence, although not objected to by the plaintiffs, was legally insufficient to prove the existence of a valid gift, since Section 575 of the Civil Code (1930 ed.) requires that the gift of real property, in order to be valid, must be made by a public deed.

· ■ The evidence offered by the intervener is not sufficient therefore to establish a conflict of titles between her and the plaintiffs. See: *Lafontaine et al.* v. *Lafontaine et al.*, 30 P.R.R. 184; *Marrero* v. *Plumey*, 35 P.R.R. 930; *Franceschi* v. *Claudio*, 52 P.R.R. 479, and *Molina* v. *Molina*, 54 P.R.R. 214.

The judgment appealed from is in accordance with the law and must be affirmed.